## HIDALGO WATER CONTROL & IMP. DIST. NO. I v. GOODWIN et al. (No. 8012.)

Court of Civil Appeals of Texas. San Antonio. May 11, 1928.

Appeal and error ⟨⟩⟩773(2)—Appellant's failure to file and deliver briefs to appellees until four days before day for submission held to require dismissal of appeal.

Where transcript and statement of facts was filed in appellate court on March 10, and cause set down for submission on May 9, but no briefs for appellant were delivered to appellees or filed in appellate court until May 5, less than four days before time for submission, one of which was Sunday, and such briefs presented numerous assignments of error and questions of law, so that appellees could not possibly prepare answering brief by day of submission, *held* that appeal will be dismissed for not complying with rules as to filing briefs, there being no fundamental error involved.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action between Hidalgo Water Control & Improvement District No. 1 and E. M. Goodwin and others. From a judgment against it, the former appeals. Appeal dismissed.

Don'A. Bliss, of San Antonio, and Geo. P. Brown and Neal A. Brown, both of Edinburg, for appellant.

James R. Dougherty, of Beeville, and Vernon B. Hill, of Mission, for appellees.

FLY, C. J. This cause was tried on November 27, 1927, and from a judgment rendered against it appellant perfected an appeal, and a transcript of the proceedings, together with a statement of facts, was filed in this court on March 10, 1928. The cause was set down for submission on May 9, 1928, and notice of such submission was duly given the parties. No briefs for appellant were delivered to appellees or filed in this court until May 5, less than four days before the time for submission, one of which was Sunday. The brief of appellant is printed and contains 241 pages. The brief enumerates 65 subjects which it discusses, and 68 authorities are cited. Thirty-seven questions of law are presented under 47 assignments of error. It would not be possible for appellees to prepare a brief answering appellant's brief in the time between the time of filing and the day of submission. It is frankly admitted by appellant's counsel that appellees could not prepare a proper brief in the time given. And, further, appellant requested this court to permit the filing of a supplemental brief in "which to discuss the questions involved." The leading counsel who represented appellant in the trial court should be relieved of blame for delay in filing the brief, as he was not permitted to begin its preparation,

through the uncertainty and procrastination of appellant, which did not give authority for such preparation, so as to give counsel opportunity to prepare the brief. We think this should be said in justice to counsel for appellant.

The rules have not been complied with, and appellees are justified in requesting that the appeal be dismissed for a failure to file briefs as required by the rules.

It is admitted in open court by counsel for appellant that no fundamental error is involved in the appeal, and the appeal will be dismissed.